UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Emmanuel C. Pullen
and Evan C. Pullen

    Plaintiffs,

v.

Lowe's Home Centers, LLC
aka Lake Nona Lowe's Store # 3350

    Defendant,
_____/

## COMPLAINT

Plaintiffs Emmanuel C. Pullen and Evan C. Pullen, by and through undersigned counsel, hereby sue Defendant Lowe's Home Center, a/k/a Lowe's Store # 3350, on the grounds set forth herein.

### Introduction

1. This is an action by Plaintiffs Emmanuel C. Pullen and Evan C. Pullen, under 42 U.S.C. §1981 (Civil Rights Act of 1866), or Section 1981, to redress the injury done to them by Defendant's discriminatory treatment based on their Race and Color (Black).

## Jurisdiction And Venue

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees, and costs.

3. This action is authorized and instituted pursuant to 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended,

4. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. §1331 and §1343.

5. The venue of this action is properly placed in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Orange County, within the jurisdiction of this Honorable Court.

## Parties

6. Plaintiffs Emmanuel C. Pullen and Evan C. Pullen (from now on, also referred to as Pullen brothers or Plaintiffs) are residents of Orlando, Orange County, Florida, who were employed by Defendant Lowe's Home Center a/k/a Lowe's Store # 3350, and they are members of certain protected classes of persons because of their Race and Color (Black).

7. Corporate Defendant Lowe's Home Center, a/k/a Lowe's Store # 3350 (from now on, Lowe's Store # 3350, or Defendant), is a profit corporation authorized

to conduct business in the State of Florida and within the jurisdiction of this Honorable Court.

8. Defendant Lowe's Store # 3350 was an "employer" within the meaning of Section 42 U.S.C. §1981.

9. At all times relevant to this complaint, Plaintiffs Emmanuel C. Pullen and Evan C. Pullen were employed by Lowe's Store # 3350, and the parties had a contractual relationship with each other.

## Statement Of Facts

10. Plaintiffs Emmanuel C. Pullen and his brother Evan C. Pullen are Black males and members of certain protected classes of persons because of their Race and Color.

11. Corporate Defendant Lowe's Store # 3350 is a home improvement store located at 12276 Andric Lane, Orlando, FL 32514.

12. Defendant Lowe's Store # 3350 employed Plaintiffs Emmanuel C. Pullen and Evan C. Pullen as non-exempted, full-time, hourly employees approximately from March 01, 2021, to May 26, 2021, or twelve weeks.

13. Plaintiffs had duties as overnight stockers. The Plaintiffs' last wage rate was $12.64 an hour.

14. Throughout their employment with Defendant, Plaintiffs performed their duties satisfactorily. Additionally, the Plaintiffs possessed all the required skills, training, and qualifications for the job in question.

15. However, during the time Defendant employed Emmanuel C. Pullen and Evan C. Pullen, they were subjected to unlawful acts of discrimination, such as harassment, hostile work environment, and disparate treatment, and they were further subjected to different terms and conditions of employment. Finally, the Plaintiffs were terminated from their position because of their Race and Color.

16. Plaintiffs Emmanuel C. Pullen and Evan C. Pullen began to suffer discrimination and harassment since their first week of employment.

17. Supervisor Matt Maydak (White) intentionally discriminated against and harassed the Pullen brothers because of their Race and Color.

18. Supervisor Matt Maydak told the Plaintiffs that he did not like Black people, and he gave disrespectful treatment to the Pullen brothers.

19. Supervisor Matt Maydak was openly hostile toward the Plaintiffs. He would harass them by assigning the brothers the most demanding jobs and subjected them to excessive work job scrutiny and surveillance. The Supervisor looked for reasons to get the Pullen brothers in trouble and then to have a reason to reprimand them.

20. Supervisor Matt Maydak had frequent outbursts of anger against the Plaintiffs. On a daily basis, he yelled at Plaintiffs racial slurs and made offensive or derogatory remarks about Plaintiff's Race and Color.

21. Supervisor Matt Maydak had a discriminatory and contemptuous attitude toward the Pullen brothers, humiliating them in front of their co-workers.

22. Once Supervisor Matt Maydak was barbecuing hamburgers and hotdogs for the overnight employees. When the Pullen brothers arrived at the receiving area of the warehouse to get the food, Matt Maydak stated, "Black people to the back of the line."

23. On another occasion, the brothers received a smaller bonus than newer non-Black employees. The Plaintiffs complained to Supervisor Matt Maydak about the bonus. Matt Maydak screamed loudly, "It is because you are Black," laughing at them.

24. The frequent, severe, and offensive conduct of Supervisor Matt Maydak created a hostile work environment for the Pullen brothers, in violation of 42 U.S.C. §1981.

25. Plaintiffs felt harassed, unwelcome, uncomfortable, humiliated, and intimidated in their place of work. The Plaintiffs knew their Supervisor did not like them because they were Black, and he was looking for excuses to fire them.

26. The Plaintiffs experienced anxiety and frustration. Plaintiffs knew that this hostility was not necessary; it was just a form of harassment, and it was unfair and racially motivated discrimination against them.

27. The Plaintiffs were harassed by their Supervisor, and they could not confront him since they needed the job and were afraid of being fired. Enduring discriminatory treatment became a condition for continued employment with Defendant. Therefore, Plaintiff continued suffering the illegal, intentional discriminatory treatment applied to them.

28. On or about May 26, 2021, near the end of the shift, Supervisor Matt Maydak told Emmanuel C. Pullen, "We are watching you and your brother, and you guys are terminated."  Ten minutes later, Supervisor Matt Maydak told Evan C. Pullen exactly the same words.

29. The Plaintiffs went home deeply discouraged over the loss of their job.

30. However, the Plaintiffs, in the hope of recovering their job, returned to the store and talked to General manager Natasha (LNU). The Plaintiffs complained about the racial discrimination and harassment suffered at the hands of Supervisor Matt Maydak. Plaintiffs complained about Matt Maydak abusive behavior in detail, and Plaintiffs complained about their unfair termination.

31. General manager Natasha (LNU) did not pay any attention to the Plaintiffs' complaints, and she said that she did not know anything about the firings and then stated, "but if Matt Maydak fired you, then you are fired."

32. Defendant ignored the accusations made about Race and Color discrimination and harassment against Supervisor Matt Maydak and the efforts made by Plaintiffs to get their job back. Additionally, Defendant did not open an investigation or at least give Plaintiffs an explanation for their termination, other than blatant Race and Color discrimination and harassment.

33. On or about May 26, 2021, Plaintiffs Emmanuel C. Pullen and Evan C. Pullen were unfairly terminated by Defendant. Plaintiffs' discharge was directly and proximately caused by Defendant's unjustified discrimination and harassment because of Plaintiffs' Race and Color, in violation of both Federal and State Laws.

34. Defendant Lowe's Store # 3350 is subjected to vicarious liability for the actions of its management because it failed to take adequate remedial measures to halt the discrimination and harassment to which Plaintiffs were subjected, despite Defendant's knowledge that such discrimination and harassment were occurring.

## COUNT I:
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. SECTION 1981, DISCRIMINATION BASED ON RACE AND COLOR;

35. Plaintiffs Emmanuel C. Pullen and Evan C. Pullen re-adopt every factual allegation stated in paragraphs 1-34 above as if set out in full herein.

36. This is an action against Lowe's Store # 3350 for unlawful discrimination pursuant to 42 U.S.C., Section 1981.

37. At all times material, Defendant Lowe's Store # 3350 was an "employer" within the meaning of Section 42 U.S.C. §1981.

38. At all times, material hereto, Plaintiffs Emmanuel C. Pullen and Evan C. Pullen were "employees" and had a contractual relationship with Defendant within the meaning of 42 U.S.C. §1981.

39. Plaintiffs Emmanuel C. Pullen and Evan C. Pullen had at all times material, and continue to have, a federally protected constitutional right to make and enforce contracts, to sue, to be parties, to give evidence, and to be free from racially based discrimination while bargaining, negotiating, or entering into a contract, including the enjoyment of all benefits, privileges terms and conditions of the contractual relationship of her employment at Lowe's Store # 3350.

40. Defendant Lowe's Store # 3350 has intentionally engaged in unlawful employment practices and discrimination, in violation of 42 U.S.C. § 1981, by treating Plaintiffs differently from similarly situated employees because of their Race and Color.

41. Defendant subjected Plaintiffs Emmanuel C. Pullen and Evan C. Pullen to

different adverse employment actions, including but not limited to the following acts and omissions: harassment, disparate treatment, hostile work environment, and wrongful discharge.

42. Defendant subjected Plaintiffs to a racially hostile work environment that seriously affected their psychological and physical well-being.

43. The hostile atmosphere that Defendant created for Plaintiff at Lowe's Store # 3350 was so severe that it culminated in Plaintiffs' termination.

44. The effects of the practices referenced above have been to deprive Plaintiffs of equal rights to enforce contracts and to enjoy equal employment benefits as enjoyed by non-Black citizens. Defendant adversely affected Plaintiffs' status as employees because of their Race and Color.

45. As a direct and proximate result of the intentional violations by Defendant of Plaintiffs' rights under 42 U.S.C. § 1981, by treating them differently from similarly situated employees and subjecting them to racial harassment because of their Race and Color, Plaintiffs have suffered damages. Plaintiffs' damages include back pay, front pay, loss of benefits, future pecuniary loss, inconvenience, emotional pain, suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

46. Plaintiffs have suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices

unless and until this Court grants relief.

47. The actions of Defendant Lowe's Store # 3350 and/or its agents were willful, wanton, intentional, and with malice or reckless indifference to the Plaintiffs' statutorily protected rights, thus entitling Plaintiffs to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant Lowe's Store # 3350 for its actions and to deter it, and others, from such actions in the future.

48. Plaintiffs Emmanuel C. Pullen and Evan C. Pullen have retained the undersigned counsel to prosecute their claims, and they are entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

## Prayer for Relief

Wherefore, Plaintiffs Emmanuel C. Pullen and Evan C. Pullen respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Emmanuel C. Pullen and Evan C. Pullen and against Defendant Lowe's Store # 3350, based on Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiffs Emmanuel C. Pullen and Evan C. Pullen compensatory damages, including front pay, back pay, and lost benefits; and

C. Award Plaintiffs as to this count prejudgment interest; and

D. Award Plaintiffs damages, the costs of litigation and filing, including attorney's fees; and

E. Grant such other and further equitable relief as this Court deems equitable and just and/or available pursuant to Federal Law, including punitive damages.

Demand for a Jury Trial

Plaintiffs Emmanuel C. Pullen and Evan C. Pullen demand a trial by a jury of all issues triable as a right by a jury.

Date: September 21, 2022

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:     (305) 446-1500
Facsimile:     (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*